IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CASEY MARK BURGESS,                                                    PETITIONER

V.                                              CIVIL ACTION NO. 3:16-cv-914-WHB-JCG

MARSHALL L. FISHER,                                                    RESPONDENT
*Commissioner*

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Casey Mark Burgess. The Petition challenges Burgess' 2013 conviction for sexual battery. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied. Burgess has not demonstrated that he is entitled to federal habeas relief.

## I. BACKGROUND

Burgess is a postconviction inmate in the custody of the Mississippi Department of Corrections. After a jury trial in the Circuit Court of Rankin County, Mississippi, Burgess was convicted of three counts of sexual battery against his wife, S.B, on April 11, 2013. He was sentenced to thirty years on each count, with the sentences to run concurrently. After his motions for judgment notwithstanding the verdict and for a new trial were denied, Burgess appealed, and the Mississippi Supreme Court affirmed his conviction. *Burgess v. State*, 178 So. 3d 1266 (Miss. 2015).

Burgess raised eight issues during his state appeal: (1) the jury instructions

constructively amended the indictment to add an additional element; (2) his voir dire was improperly limited; (3) the trial court erred in denying his for cause challenges of certain jurors; (4) evidence of S.B.'s prior sexual acts should not have been excluded; (5) the trial court erred in denying his motions for directed verdict, peremptory instructions, motion for judgment notwithstanding the verdict, and motion for a new trial; (6) a flight instruction should not have been given; (7) certain letters should not have been admitted during sentencing; and (8) a redacted text message should not have been admitted into evidence. *Id.* at 1272.

The Mississippi Supreme Court found each of these issues to be without merit and affirmed his conviction. On November 18, 2016, Burgess filed the instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, in which he raises eight grounds for relief: (1) his due process rights were violated as the "State was allowed to . . . amend the indictment by trying Burgess under a statute for which he was not indicted;" (2) his right to a fair and impartial jury under the Sixth Amendment was violated "because he was not allowed during voir dire to ask the venire about their opinions concerning the propriety or 'sinfulness' of married persons having consensual oral sex;" (3) his right to a fair and impartial jury was also violated when the trial court denied his four challenges for cause of potential jurors who knew potential state witnesses; (4) he was precluded from introducing evidence of the victim's prior sexual behavior; (5) the trial court erred in denying his motions for directed verdict, his peremptory instructions, and his motion for judgment notwithstanding the verdict; (6) his right to a fair trial was violated by a flight

instruction; (7) his due process and confrontation clause rights were infringed upon by the introduction of fourteen letters during sentencing; and (8) there was improper redirect concerning a text message. ECF No. 1.

Respondents filed an answer on March 23, 2017, alleging that this Court lacks jurisdiction, the Petition fails to state a claim upon which relief can be granted, the stated grounds for relief in the Petition rest upon independent and adequate state law grounds, the grounds for relief rest upon a reasonable application of clearly established federal law and a reasonable determination of the facts, and the grounds for relief are without merit. ECF No. 10.

## II. DISCUSSION

A.    **<u>Standard of Review</u>**

Before considering the merits of a petition under 28 U.S.C. § 2254 for writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed with the Court in compliance with 28 U.S.C. § 2244(d)(1).[1] Second, a writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1). To exhaust a federal constitutional claim, a petitioner must "fairly present" in state court both the operative facts and federal legal theory of his or her claim in a procedurally proper manner. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999).

---

[1] There is no challenge to the timeliness of the Petition.

As a matter of comity and federalism, federal courts generally may not review a state court's denial of a federal constitutional claim if the state court's decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin,* 562 U.S. 307, 316 (2011); (quoting *Beard v. Kindler,* 558 U.S. 53, 60-61 (2009)). A federal court may also find claims procedurally defaulted if the petitioner failed to present them in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Coleman,* 501 U.S. at 735 n.1). Federal courts retain the power to consider the merits of a procedurally defaulted claim if the petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim is not heard on the merits in federal court. *See Schlup v. Delo,* 513 U.S. 298, 324-27 (1995).

Substantively, the issue in a federal habeas proceeding is not whether there was an error in applying state law but instead whether there has been a denial of rights protected by the United States Constitution. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* The federal courts do not function

as super appellate courts over the states to review errors under state law and may not correct errors of state law unless they also violate the constitutional rights of an accused. *See Smith v. Phillips,* 455 U.S. 209, 221 (1982); *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981).

Even in matters affecting constitutional rights, federal courts have a very limited scope of review. The Court's authority to grant relief to a person held in custody pursuant to a state judgment is narrowly circumscribed by 28 U.S.C. § 2254 (d), which provides that a writ of habeas corpus shall not be granted unless the state court adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As recently summarized by the Fifth Circuit Court of Appeals:

Because "§ 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning," there are three ways a federal court can grant federal habeas relief: (1) if the state court decision was contrary to clearly established Supreme Court law; (2) if the state court decision involved an unreasonable application of clearly established Supreme Court law; or (3) if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. "AEDPA's standard is intentionally difficult to meet."

*Poree v. Collins,* 866 F.3d 235, 245 (5th Cir. 2017) (quoting *Bell v. Cone,* 535 U.S. 685, 694 (2002); *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015)). The state court's

factual findings are presumed to be correct. The petitioner may rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.    <u>Analysis</u>**

    1. <u>Jury Instructions Concerning Force</u>

    Burgess first alleges that his right to due process was violated because the State was allowed to amend the indictment to add the element of force. Burgess was indicted under Miss. Code Ann. § 97-3-95(1)(a), which provides that a "person is guilty of sexual battery if he or she engages in sexual penetration with [a]nother person without his or her consent." However, Burgess argues that he was "in effect convicted under § 97-3-99." ECF No. 1. This section, entitled "Sexual Battery; Defense of Marriage," provides that a person is not guilty of sexual battery

> if the alleged victim is that person's legal spouse and at the time of the alleged offense such person and the alleged victim are not separated and living apart; provided, however, that the legal spouse of the alleged victim may be found guilty of sexual battery if the legal spouse engaged in forcible sexual penetration without the consent of the alleged victim.

Miss. Code Ann. § 97-3-99. The Mississippi Supreme Court, when confronted with Burgess' argument that including force in the jury instructions "improperly amended the indictment" and "violated due process in that he had no notice that force was an element against which he had to defend," found that "[f]orce is not required to be established in sexual-battery cases" until the affirmative defense of marriage is raised by a defendant. Once the defense is raised, the State must prove

force to overcome it, but "force is not an element of sexual battery." Therefore, the jury instructions did not amend the indictment. *Burgess*, 178 So. 3d at 1272-74.

"Improper jury instructions in state criminal trials do not generally form the basis for federal habeas relief." *Tarpley v. Estelle*, 703 F.2d 157, 159 (5th Cir. 1983) (citing *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)). Instead, "the error must be so egregious as to rise to the level of a constitutional violation or so prejudicial as to render the trial itself fundamentally unfair." *Baldwin v. Blackburn*, 653 F.2d 942, 951 (5th Cir. 1981) (quoting *Bryan v. Wainwright*, 588 F.2d 1108, 1110-11 (5th Cir. 1979)). "In the particular context of an alleged constructive amendment, courts 'must determine whether the instruction permitted the jury to convict the defendant on a factual basis that effectively modified an essential element of the offense charged.'" *Garcia v. Dretke*, No. 02-cv-2, 2004 U.S. App. LEXIS 13522, at *7 (5th Cir. June 30, 2004) (quoting *United States v. Restivo*, 8 F.3d 274, 279 (1993)).

Here, the Mississippi Supreme Court ruled that the State was not required to prove force until Burgess raised the affirmative defense of marriage. It also found that Burgess clearly intended to raise the marital exception defense and therefore knew that force would be at issue. *Burgess*, 178 So. 3d at 1273-74. In order for Burgess to be entitled to habeas relief on this issue, the "difference between the indictment and the jury instruction must 'allow the defendant to be convicted of a separate crime from the one for which he was indicted.'" *United States v. Dentler*, 492 F.3d 306, 312 (5th Cir. 2007) (quoting *United States v. Nunez*, 180 F.3d 227, 231 (5th Cir. 1999)). That is not the case. Burgess was indicted under Miss. Code Ann. §

97-3-95. Once he raised an affirmative defense recognized by statute, the State rebutted that defense in a statutorily appropriate way. Burgess' right to due process was not violated, nor was his trial rendered fundamentally unfair. *See Galvan v. Cockrell*, 293 F.3d 760, 765-66 (5th Cir. 2002) (holding that an incorrect statement of the law in a jury instruction did not warrant habeas relief when the petitioner failed to show it had a "substantial or injurious" effect).

    2. Questions Concerning Sinfulness during Voir Dire

Burgess next alleges that his "Sixth Amendment right to a fair and impartial jury was violated because he was not allowed during voir dire to ask the venire about their opinions concerning the propriety or 'sinfulness' of married persons having consensual oral sex." ECF No. 1 After outlining the course of his questioning, the Mississippi Supreme Court found that "the court's actions were within its discretion, designed to satisfy the dual goals of maintaining control of and clarity amongst the venire while at the same time ensuring the seating of a fair and impartial jury" and that there was no demonstration of actual prejudice. *Burgess*, 178 So. 3d at 1274-76.

In cases "alleging violations of the requirements of voir dire in state court cases, federal courts are limited to enforcing the commands of the United States Constitution." *Herman v. Johnson*, 98 F.3d 171, 174 (5th Cir. 1996) (citing *Mu'min v. Virginia*, 500 U.S. 415, 422 (1991)). Generally, decisions concerning how to conduct voir dire are left to the discretion of the trial court. *Id.* In this case, Burgess' counsel began his line of questioning about oral sex from a Biblical perspective. He

first asked whether jurors believed the Bible was the word of God; then stated that the Bible says it is a sin for a man and wife to have oral sex; and finally asked if the jurors believed that oral sex was a sin. At that point, one potential juror spoke up and refused to answer the question, stating that he was not there to discuss the Bible. The trial court intervened, stating it was not appropriate to ask jurors about religious beliefs, but that counsel could question them on whether they believe the law allows it. Defense counsel then asked if anyone believed that consensual anal or vaginal sex would be wrong. However, at least one potential juror was confused as to whether counsel was asking about Biblical or state law. After informing the juror that the Court would instruct him on the law to apply, the trial court excused the venire.

The trial judge then informed counsel that he could ask if anyone had "any religious or moral convictions that would prevent them from being able to sit in judgment of their fellow man." The trial judge stated that such questions are appropriate, as they do not ask jurors to explain, justify, or rationalize their reasons. He stated that counsel could not "quiz these jurors individually about what they believe the Bible requires." The jury was brought back in, and counsel asked if anyone believed it was morally wrong to have oral or anal sex. After having a discussion with one potential juror, Defense counsel moved on. ECF No. 11-3 at 89-106.

Burgess argues his rights were violated because he was "entitled to determine what prejudices members of the venire may have had concerning

9

consensual oral sex." ECF No. 1. However, counsel was able to ask the potential jurors about their moral views on the issue. Particularly in light of the confusion his earlier questions created, the trial court's exercise of discretion in having counsel rephrase the question did not rise to the level of a constitutional violation. *See Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir. 2000).

    3. <u>Denial of For Cause Challenges</u>

    Burgess' third ground for relief concerns the denial of his four for cause challenges of potential jurors who knew state witnesses. He contends that his right to a fair and impartial jury was denied because the four jurors knew potential witnesses and stated they would "'tend to believe[,]' 'probably' believe, or would, in fact, believe the witness just because of their relationship." ECF No. 1. However, the Mississippi Supreme Court agreed with the trial judge, who found that "defense counsel failed to lay the foundation for a strike for cause" because he did not ask "follow-up questions to determine if they would be able to set aside those relationships and consider the witness's testimony just the same as the other witnesses." It also noted that only one of the challenged jurors sat on the jury and neither of the two potential state witnesses actually testified. *Burgess*, 178 So. 3d at 1276-77.

    A state court's finding that a jury is not biased, even if not an express finding, is "accorded a 'presumption of correctness' under 28 U.S.C. § 2254(d)." *Jones v. Butler*, 864 F.2d 348, 362 (5th Cir. 1988). Further, even if Burgess had to use peremptory challenges to strike biased jurors, "[s]o long as the jury that sits is

10

impartial," Burgess' right to a fair and impartial jury was not violated. *See Ross v. Oklahoma*, 487 U.S. 81, 88 (1988) (citing *Hopt v. Utah*, 120 U.S. 430, 436 (1887)). Therefore, only the denial of the challenge of the juror that actually sat on the jury needs to be examined.

Juror 21 stated that he knew Wayne Humphreys, an investigator from the sheriff's office, and had a prior working relationship with him. Defense counsel then asked the juror whether he would tend to believe the prospective witness because of his knowledge, and the juror stated he "[p]robably" would. ECF No. 11-3 at 125-26. Counsel challenged the four potential jurors because they each stated they would likely believe the prospective witness they knew. *Id.* at 276-78. The trial judge ruled that because counsel did not ask if the potential jurors would be able to set aside their relationship and be impartial, a foundation was not laid to excuse the jurors for cause. *Id.* The record, particular in light of the fact that Humphreys did not testify as a witness, does not reveal that juror 21 was biased; therefore, the presumption of correctness cannot be disturbed.

    4. The Victim's Prior Sexual Behavior

In his next ground for relief, Burgess asserts that he should have been allowed to question his wife concerning their prior sexual acts and the provocative clothing she wore during consensual sex. He contends that the trial judge erred in sustaining the State's objection under Mississippi Rule of Evidence 412(c), as notice is only required to be given if the evidence concerns specific instances of sexual conduct. He alleges that his questions were not related to specific instances of

sexual conduct; instead, he only sought to elicit testimony that "during their marriage they had engaged in such consensual sex and that Mrs. Burgess had the provocative clothing." ECF No. 1.

Under Mississippi Rule of Evidence 412, "reputation or opinion evidence of a victim's past sexual behavior" is never admissible. Other evidence of a victim's past sexual behavior is *only* admissible under sections (b) and (c). Rule 412(b)(1) provides that "specific instances of a victim's past sexual behavior" are admissible in certain circumstances. However, according to section (c), a party intending to offer evidence under section (b) *must* make a motion and offer of proof "at least 15 days before trial." Miss. R. Evid. 412. The Mississippi Supreme Court stated that Burgess' counsel either misread or misapplied the rule, and it concluded that it was "proper to prevent impeachment of a victim of a sexual offense when the defendant failed to follow the notice and disclosure procedure of Rule 412(c)." *Burgess*, 178 So. 3d at 1277-78 (citing *Cage v. State*, 149 So. 3d 1038, 1045-46 (Miss. 2014)).

As the Southern District of Texas has stated, "a petitioner's disagreement with the exclusion of evidence under state law does not raise a cognizable federal habeas claim, as 'federal habeas corpus relief does not lie for errors of state law.'" *James v. Quarterman*, Civil Action No. H-07-3671, 2008 U.S. Dist. LEXIS 53623, at *16 (S.D. Tex. July 10, 2008) (quoting *Estelle*, 502 U.S. at 67). It is not clear on the face of Burgess' petition what, if any, federal claim he is asserting. He merely argues that the evidence should not have been excluded under the *state* evidentiary rules. As such, this claim is not properly before this Court. Further, even if Burgess

had raised a federal claim before this Court, he did not raise the federal claim in his state case. *See* ECF No. 11-11 at 23-24 & 96. "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee . . . ." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Therefore, Burgess is not entitled to relief on this ground.

5. Motions for Directed Verdict, Peremptory Instructions, and Motion for Judgment Not Withstanding the Verdict

In Burgess' fifth ground for relief, he asserts that his "motions for directed verdict, his peremptory instructions of 'not guilty[,]' and his motion for judgment notwithstanding the verdict should have been granted" because "he could not be convicted because the indictment failed to include the necessary element of 'force.'" ECF No. 1. As previously discussed, force is not an element of sexual battery and the State was not required to include it in the indictment.[2] However, to the extent that Burgess is challenging the sufficiency of the evidence more generally, this issue is without merit.

The Supreme Court has stated "evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). Further, "a state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the 'decision was objectively unreasonable.'" *Id.* (quoting

---

[2] *See* Section II.B.1.

*Cavazos v. Smith*, 565 U.S. 1, 2 (2011)). Here, the Mississippi Supreme Court rejected his sufficiency challenge, stating that "[n]o evidence was presented that could lead a fair-minded juror to find Burgess not guilty." *Burgess*, 178 So. 3d at 1278. In light of the victim's testimony that she was raped and Burgess' own confession, this decision was not unreasonable. ECF No. 11-4 at 38-42; ECF No. 11-7 at 15 & 17 (stating that he "forced" himself on her and that she did not want to engage in anal sex); ECF No. 11-8 at 8 (stating that he threatened to make their children "motherless"). Therefore, Burgess is not entitled to relief on this ground.

　　6. <u>Flight Instruction</u>

　　In Burgess' next ground for relief, he asserts that his right to a fair and impartial trial was violated because the trial court gave a flight instruction. ECF No. 1. When confronted with the issue, the majority of the Mississippi Supreme Court held that Burgess' testimony was "a textbook example of when a flight instruction is proper. . . . Therefore, the trial court did not abuse its discretion in giving a flight instruction." *Burgess*, 178 So. 3d at 1279. However, Burgess relies on the concurring opinion of one Justice, who, although "call[ing] for the abolition of the flight instruction altogether," nevertheless stated that "the State presented more than sufficient evidence . . . to prove beyond a reasonable doubt that Burgess forcibly sexually assaulted his wife." *Id.* at 1283 (Dickinson, J., concurring).

　　Even if this Court were to agree with the concurring Mississippi Supreme Court Justice that flight instructions should not be given, "[i]mproper jury instructions in state criminal trials do not generally entitle § 2254 petitioners to

federal relief and will only do so when the error in the jury charge 'so infected the entire trial that the resulting conviction violates due process.'" *States v. Hall*, 711 Fed. App'x 198, 202 (5th Cir. 2017) (quoting *Galvan*, 293 F.3d at 764-65). Harmless error, on the other hand, "does not warrant habeas relief." *Id.* Even if the flight instruction was improper, the instruction was harmless given the evidence[3] against Burgess. *Id.* Therefore, he has not demonstrated a constitutional violation.

7. <u>Letters Admitted During Sentencing</u>

Burgess next asserts that his right to due process and his right to confront witnesses against him were violated when fourteen letters were admitted into evidence during sentencing. He asserts that he was not given the letters far enough in advance and the writers were not subject to cross-examination. ECF No. 1. Although the trial judge admitted the letters, he stated he did not "have to go outside the record in this case to impose a sentence." ECF No. 11-5 at 143. The Mississippi Supreme Court ruled in favor of the State, holding that victim-impact testimony is admissible at sentencing under Mississippi law; the Rules of Evidence do not apply to sentencing hearings; there was no violation of the discovery rules because the sentence was within the statutory guidelines and there was no showing of prejudice; and the Confrontation Clause does not apply during sentencing. *Burgess*, 178 So. 3d at 1279-80.

To the extent that Burgess is challenging the decision on the basis of state law, "federal habeas corpus relief does not lie for errors of state law." *Estelle*, 502

---

[3] *See* Section II.B.5.

U.S. at 67. The Mississippi Supreme Court was also correct regarding confrontation: "the Confrontation Clause does not apply in the context of non-capital sentencing." *Charles v. Thaler*, 629 F.3d 494, 504 (5th Cir. 2011) (citing *United States v. Fields*, 483 F.3d 313, 332 (5th Cir. 2007)). With respect to his due process claim, Burgess states that he was only given the letters fifteen minutes before the hearing, and the "trial judge would not even grant a continuance for Burgess to review the letters so he could prepare a defense to them." ECF No. 1.

However, "at sentencing the accused does not have the full panoply of due process and other constitutional protections which attend the determination of guilt or innocence." *Buckley v. Butler*, 825 F.2d 895, 902 (5th Cir. 1987) (citing *McMillan v. Pennsylvania*, 477 U.S. 79 (1986)). Particularly in light of the trial judge's statement that the record alone was sufficient to impose the sentence, as well as the limited nature of due process rights at sentencing and the fact that the sentence was within statutory guidelines, as noted by the Mississippi Supreme Court, the decision to admit these letters was not contrary to, nor did it involve an unreasonable application of clearly established federal law.

8. Improper Redirect Concerning a Text Message

In his last ground for relief, Burgess asserts that the prosecution engaged in improper redirect when asking the victim about a text message. Burgess contends that the trial judge did not weigh the question's probative value and prejudicial effect; however, Burgess does not state what constitutional right was violated. ECF No. 1. In his brief to the Mississippi Supreme Court, he argued that the probative

value of the text message was questionable under Mississippi Rule of Evidence 403. ECF No. 11-11 at 28. The Mississippi Supreme Court concluded that the trial judge had "weighed the evidence," found that the "probative value of the text was not outweighed by its prejudicial effect," and "did not abuse [his] discretion." *Burgess*, 178 So. 3d at 1281.

As with the evidence of the victim's prior sexual behavior, "federal habeas corpus relief does not lie for errors of state law." *Estelle*, 502 U.S. at 67. One such state law question not reviewable in habeas proceedings is the "admissibility of evidence under state procedural rules," including arguments that evidence was improperly admitted based on unfair prejudice. *Goodrum v. Quarterman*, 547 F.3d 249, 261 (5th Cir. 2008); *Perez v. Dretke*, 172 Fed. App'x 76, 82 (5th Cir. 2006). Therefore, Burgess is not entitled to federal habeas relief on his final ground.

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that Casey Mark Burgess' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied and this case dismissed.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the

district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 2nd day of November, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE