```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION
```

**CASEY MARK BURGESS**                                            **PETITIONER**

**VS.**                              **CIVIL ACTION NO. 3:16-cv-914-WHB-JCG**

**MARSHALL L. FISHER, Commissioner,**
**Mississippi Department of Corrections**                         **RESPONDENT**


<u>**OPINION AND ORDER**</u>

This cause is before the Court on Petitioner's Objection to the Report and Recommendation ("R and R") of United States Magistrate Judge John C. Gargiulo. Having considered the R and R, the Objection, the other pleadings in this case, as well as relevant authorities, the Court finds the R and R should be adopted in its entirety over Petitioner's Objection.


### I.  Discussion

Casey Mark Burgess ("Burgess") was convicted of three counts of sexual battery against his wife "S.B." in the Circuit Court of Rankin County, Mississippi, and was sentenced to concurrent thirty-year terms of imprisonment on each count. After his post-trial motions for judgment notwithstanding the verdict and new trial were denied by the circuit court, Burgess appealed. On appeal, Burgess raised several issues including, but not limited to, that the instructions given to the jury constructively amended the indictment to include the additional element of force; his voir

dire was improperly limited; and the trial court erred by denying his for-cause challenges of certain jurors, excluding evidence of S.B.'s prior sexual acts, denying his motions for instructions and post trial relief, giving a flight instruction, and/or admitting/excluding certain evidence at trial and sentencing. On review, Burgess's conviction and sentence were affirmed. See Burgess v. State, 178 So.3d 1266 (Miss. 2015).

In November of 2016, Burgess filed a Petition, pursuant to 28 U.S.C. § 2254, for Writ of Habeas Corpus by a Person in State Custody ("2254 Petition") in this Court, essentially raising the same issues as he did on direct appeal. In his 2254 Petition, Burgess raises the following claims:

- His due process rights were violated because the state was allowed to try him under a statute that was not specified in the indictment.
- His right to a fair and impartial jury was violated because (a) he was precluded from questioning potential jurors about their religious beliefs on the issue of oral sex, and (b) four of his for-cause venire challenges were denied.
- The trial court improperly excluded evidence from S.B. regarding the couple's history of sexual activity, and manner of dress when engaging in that activity.
- The trial court improperly denied his peremptory instructions and post trial motions.
- He was denied a fair and impartial trial because the jury was given a flight instruction.

2

- His due process and confrontation clause rights were violated when the Court admitted correspondences from third parties during sentencing.
- The trial court erred when it allowed the state to question him about a text message on redirect.

The 2254 Petition came before United States Magistrate Judge John C. Gargiulo who, on review, entered a Report and Recommendation ("R and R") recommending that Burgess's Petition be denied. See R and R [Docket No. 12].

Burgess timely objected to the R and R. Under federal law, a district judge has the authority to review a magistrate judge's R and R regarding prisoner petitions, and is required to make a *de novo* determination of any portion of the R and R to which a specific written objection has been made. See 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). Thereafter, the district judge may accept, reject, or modify the recommendation of the magistrate; receive further evidence in the case; or recommit the matter to the magistrate with further instructions. Id.

In his Objection, Burgess first argues that the R and R does not address his argument regarding the issue of marriage, i.e. "'marriage' not being an affirmative defense, but that it was an element not included in the State's indictment." Obj. [Docket No. 15], 1. As to this claim, the record shows that Burgess was charged with three counts of sexual battery under Mississippi Code Annotated Section 97-3-5, which provides in relevant part: "A

person is guilty of sexual battery if he or she engages in sexual penetration with [a]nother person without his or her consent." MISS. CODE ANN. § 97-3-95(1)(a). Burgess argues that because he and the individual who was sexually assaulted were married when the assault occurred, he was, in effect, convicted under Mississippi Code Annotated Section 97-3-99, which provides:

> A person is not guilty of any offense under Sections 97-3-95 through 97-3-103 if the alleged victim is that person's legal spouse and at the time of the alleged offense such person and the alleged victim are not separated and living apart; provided, however, that the legal spouse of the alleged victim may be found guilty of sexual battery if the legal spouse engaged in forcible sexual penetration without the consent of the alleged victim.

According to Burgess, his convictions under the latter statute, i.e. Section 97-3-99, are unconstitutional because the element of force necessary to sustain a conviction under that statute was not alleged in the indictment. See Pet. at ¶ 11 ("In effect the indictment was amended by the State by the fact the trial court allowed the State to add 'force' as an element of the crime with which Burgess was charged.").

Judge Gargiulo found Burgess was not entitled to relief on this claim as follows:

> The Mississippi Supreme Court, when confronted with Burgess's argument that including force in the jury instructions "improperly amended the indictment" and "violated due process in that he had no notice that force was an element against which he had to defend," found that "[f]orce is not required to be established in sexual battery cases" until the affirmative defense of marriage is raised by a defendant. Once the defense is raised,

4

the State must prove force to overcome it, but "force is not an element of sexual battery." Therefore, the jury instructions did not amend the indictment. Burgess, 178 So. 3d at 1272-74.

"Improper jury instructions in state criminal trials do not generally form the basis for federal habeas relief." Tarpley v. Estelle, 703 F.2d 157, 159 (5th Cir. 1983)(citing Cupp v. Naughten, 414 U.S. 141, 146 (1973)). Instead, "the error must be so egregious as to rise to the level of a constitutional violation or so prejudicial as to render the trial itself fundamentally unfair." Baldwin v. Blackburn, 653 F.2d 942, 951 (5th Cir. 1981)(quoting Bryan v. Wainwright, 588 F.2d 1108, 1110-11 (5th Cir. 1979)). "In the particular context of an alleged constructive amendment, courts 'must determine whether the instruction permitted the jury to convict the defendant on a factual basis that effectively modified an essential element of the offense charged.'" Garcia v. Dretke, No. 02-cv-2, 2004 U.S. App. LEXIS 13522, at *7 (5th Cir. June 30, 2004)(quoting United States v. Restivo, 8 F.3d 274, 279 (1993)).

Here, the Mississippi Supreme Court ruled that the State was not required to prove force until Burgess raised the affirmative defense of marriage. It also found that Burgess clearly intended to raise the marital exception defense and therefore knew that force would be at issue. Burgess, 178 So. 3d at 1273-74. In order for Burgess to be entitled to habeas relief on this issue, the "difference between the indictment and the jury instruction must 'allow the defendant to be convicted of a separate crime from the one for which he was indicted.'" United States v. Gentler, 492 F.3d 306, 312 (5th Cir. 2007)(quoting United States v. Nunez, 180 F.3d 227, 231 (5th Cir. 1999)). That is not the case. Burgess was indicted under Miss. Code Ann. § 97-3-95. Once he raised an affirmative defense [of marriage] recognized by statute, the State rebutted that defense in a statutorily appropriate way. Burgess's right to due process was not violated, nor was his trial rendered fundamentally unfair. See Galvan v. Cockrell, 293 F.3d 760, 765-66 (5th Cir. 2002)(holding that an incorrect statement of the law in a jury instruction did not warrant habeas relief when the petitioner failed to show it had a "substantial or injurious" effect).

R and R, 6-7.

Having considered Judge Gargiulo's R and R, and the governing authorities, the Court finds no error with respect to his findings/conclusions as to whether the state law indictment was constructively amended based on the instruction given to the jury at trial. Again, "[i]n the particular context of an alleged constructive amendment, courts must determine whether the instruction permitted the jury to convict the defendant on a factual basis that effectively modified an essential element of the offense charged." Garcia, 2004 U.S. App. LEXIS 13522, at *7 (internal citation omitted). Here it did not. Burgess was indicted of sexual battery under Mississippi Code Annotated Section 97-3-95(1)(a), which does not require a showing of force to sustain a conviction. Only after the defense of marriage was raised to the sexual battery charges was the jury instructed as to the issue of force, a finding of which is necessary to rebut that defense. In short, the jury instructions did not constructively amend the indictment to charge the crimes of "sexual battery of a spouse", because only a defense – and not a substantive charge – is recognized under that statute. Accordingly, the Court finds Burgess is not entitled to relief on this objection. For the same reason, the Court finds Burgess is not entitled to relief on his objection regarding whether the state trial court erred in denying his post trial motions, which raised the issue of whether sexual battery against a spouse constituted a distinct/separate crime.

Next, Burgess argues that his constitutional rights were violated because the trial court did not permit him to question perspective jurors as to their specific religious beliefs regarding whether the Bible prohibits consensual oral sex between spouses. Specifically, in his objection, Burgess argues: "In other words there well may have been one or more persons who served on the [jury] who would have said oral sex was a sin, in which case Burgess would have given that strong consideration in making his peremptory challenges." Obj. at 3. Burgess's argument does not support a grant of habeas corpus relief. See e.g. Herman v. Johnson, 98 F.3d 171, 174 (5th Cir. 1996)(rejecting a criminal defendant's argument that the trial court, by refusing to inform him of the instructions that would be given to jurors, had "deprived him of his right to intelligently exercise his peremptory challenges" on the grounds that "peremptory challenges are not constitutional rights"). Thus, having considered Judge Gargiulo's R and R, and the governing authorities, the Court finds no error with respect to his findings/conclusions that Burgess's voir dire-related arguments do not entitle him to habeas corpus relief. Accordingly, Burgess's objections on the issue of peremptory challenges will be denied.

Burgess's next objection concerns the flight instruction that was given to the jury. As to Burgess's flight instruction-claim, Judge Gargiulo first found that improper jury instructions do not

7

generally warrant habeas corpus relief. See R and R, 14-15. Judge Gargiulo further found that even if the flight instruction was improperly given by the state count, the resulting error would have been harmless based on the evidence against Burgess at trial. Id. at 15.

In his Objection, Burgess does not specifically challenge the findings/conclusions made by Judge Gargiulo with regard to the flight instruction but, instead, merely quotes the concurring opinion of Mississippi Justice Dickerson in Burgess v. State, 178 So.2d at 1282-83. As Burgess does not raise any specific objections to Judge Gargiulo's findings/conclusions, and as this Court finds no error with respect thereto on review, Burgess's objection regarding the flight instruction will be denied.

Finally, Burgess objects to Judge Gargiulo's R and R regarding the admission of third party letters during the sentencing phase of trial. As to this issue, Judge Gargiulo found that Burgess was not entitled to habeas corpus relief because, *inter alia*, the trial judge stated that he did not "have to go outside the record ... to impose a sentence." R and R, at 15. According to Burgess, the trial judge's statement that the letters were not considered does not excuse their "being improperly admitted into evidence." Obj., at 6.

Having considered Judge Gargiulo's R and R and the governing authorities, the Court finds no error with respect to his findings/conclusions with respect to the admission of the third

8

party letters during the sentencing phase of trial because, in part, there has been no showing that the admission of the subject letters affected Burgess's sentence. Accordingly, this objection will be overruled.

For these reasons, the Court finds that Judge Gargiulo's recommendation that Burgess's 2254 Petition be dismissed, and the grounds for that recommendation, should be adopted as the ruling of the Court over Burgess's objections.

Accordingly:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 12] is hereby accepted and adopted as the ruling of this Court, and Petitioner's Objection [Docket No. 15] is hereby overruled.

IT IS FURTHER ORDERED that a Final Judgment dismissing Burgess's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 with prejudice shall be entered this day. No Certificate of Appealability will issue as Burgess has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 19th day of December, 2018.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE